# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01074-COA

**FREDDY WHITE** APPELLANT

**v.**

**COPUCINE WHITE** APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/02/2021 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CATOUCHE JUDGE BODY |
| ATTORNEYS FOR APPELLEE: | AAFRAM YAPHET SELLERS SHEQUEENA BROWN McKENZIE |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 02/28/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., SMITH AND EMFINGER, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. Copucine White filed a contempt action in the Hinds County Chancery Court against her ex-husband Freddy White. Copucine alleged that Freddy had failed to pay child support and to reimburse her for orthodontic expenses as required by the divorce judgment. After crediting Freddy for certain expenses he had paid on behalf of the parties' children, the chancellor ordered Freddy to pay Copucine $53,825.57 in past-due child support. Freddy's sole argument on appeal is whether the chancellor erred by finding that he owed monthly child-support payments for the period beginning in February 2015 and ending in January 2018. Finding no reversible error, we affirm the chancellor's judgment.

**FACTS**

¶2.     The parties wed in October 1988 and had two daughters: the elder daughter was born in February 1989, and the younger daughter was born in January 1997.  In November 2004, the parties filed for an irreconcilable-differences divorce.  In February 2005, the chancellor entered an agreed temporary order that directed Freddy to pay Copucine $400 a month in child support.  The final judgment, entered on January 18, 2006, granted the parties an irreconcilable-differences divorce.  The final judgment incorporated the parties' "Marital Dissolution Agreement," which stated that Freddy would continue to pay $400 a month in child support until the parties' children turned eighteen or became legally emancipated.  The agreement also required Freddy to pay Copucine $875 for his half of the expenses for their elder daughter's orthodontic braces.

¶3.     In July 2018, Copucine filed a motion for contempt and asserted that beginning in March 2005 and ending in January 2018, when the parties' younger daughter turned twenty-one, Freddy had failed to pay $58,525 in child support as well as the $875 he owed for their elder daughter's orthodontic braces.  Following a hearing on Copucine's contempt matter, the chancellor concluded that Freddy owed $58,525 in child support but was entitled to a credit for certain other expenses he had paid on the children's behalf.  After deducting the credit from the total amount of past-due child support, the chancellor awarded Copucine a monetary judgment of $53,825.57.  Aggrieved by the chancellor's judgment, Freddy appeals.

**STANDARD OF REVIEW**

¶4.     We decline to disturb a chancellor's findings unless the chancellor was manifestly

2

wrong, clearly erred, or applied an incorrect legal standard. *Stuckey v. Stuckey*, 341 So. 3d 1030, 1036 (¶13) (Miss. Ct. App. 2022). We will not reverse the chancellor's decision if substantial credible evidence supports his or her factual findings. *Id.* We review questions of law de novo. *Id.*

## DISCUSSION

¶5. Freddy's sole argument on appeal is that the chancellor erred by finding his child-support obligation continued after January 2015 (when the parties' younger daughter turned eighteen) and instead ended in January 2018 (when the parties' younger daughter turned twenty-one). As Freddy correctly notes, the agreement incorporated into the divorce judgment only required him to pay child support until the children either turned eighteen or became legally emancipated. The undisputed record evidence establishes that the parties' younger daughter turned eighteen in January 2015. Thus, despite his failure to raise the issue before the chancellor, Freddy argues on appeal that the chancellor clearly erred by ordering him to pay child support for the three-year period beginning in February 2015 and ending in January 2018.

¶6. It is well established that issues not raised before the trial court are procedurally barred from review on appeal. *Leverett v. Leverett*, 309 So. 3d 116, 122 (¶19) (Miss. Ct. App. 2020). Notwithstanding the procedural bar, we find that Freddy's argument lacks merit. The Mississippi Supreme Court has previously determined that noncustodial parents are "prohibited from contracting to cut off child support before the child reaches the age of twenty-one, unless the child is emancipated." *R.K. v. J.K.*, 946 So. 2d 764, 779 (¶48) (Miss.

3

2007) (citing *Lawrence v. Lawrence*, 574 So. 2d 1376, 1381 (Miss. 1991)); *see also* Miss. Code Ann. § 93-11-65(8)(a)-(c) (Rev. 2018) (discussing the circumstances under which emancipation occurs). As the Supreme Court has explained,

> The duty to support children is a continuing duty on both parents and is a vested right of the child. Applying this principle, it follows that parents cannot contract away rights vested in minor children. Such a contract would be against public policy. Further, while a property[-]settlement agreement, judicially approved, is always given great weight by [the appellate courts], the agreement and weight given may not extinguish the rights of a minor child and cut off child support prior to the emancipation, all to the detriment and interest of the child. Thus, as in *Lawrence*, this Court holds that a child[-]support agreement which ends support for a child before that child reaches the age of twenty-one or is otherwise emancipated, is unenforceable.

*R.K.*, 946 So. 2d at 779 (¶48) (citations and internal quotation marks omitted).

¶7. Here, Freddy presented no evidence at the hearing to demonstrate that the parties' younger daughter became emancipated prior to turning twenty-one in January 2018. As a result, the provision in the parties' agreement that terminated child support for the minor children at age eighteen was unenforceable as to the rights of the children. We therefore find no error in the chancellor's determination that Freddy's child-support obligation continued through January 2018 when the parties' younger daughter turned twenty-one. Accordingly, this assignment of error lacks merit.

## CONCLUSION

¶8. Because we find no reversible error, we affirm the chancellor's judgment ordering Freddy to pay $53,825.57 in past-due child support.

¶9. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE,**

4

**WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**